

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00116-CR

---

**RICKY HILL, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-0253, Honorable William R. Eichman II, Presiding

---

April 28, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Ricky Hill, was convicted of assault[1] and sentenced, pursuant to a plea bargain agreement, to six years of confinement. The trial court's certification of Appellant's right of appeal reflects that this is a plea bargain case from which Appellant has no right of appeal and that Appellant has waived the right of appeal. The certification

---

[1] *See* Tex. Penal Code Ann. § 22.01(b-3).

comports with the record before the Court.  Notwithstanding the certification, Appellant filed a notice of appeal, pro se, challenging his conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  By letter of April 3, 2025, we notified Appellant of the consequences of the trial court's certification and directed him to show grounds for continuing the appeal. Appellant has not filed a response or had any further communication with the Court to date.

Accordingly, we dismiss the appeal based on the trial court's certification.  *See* TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.